UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

_____

RAM PARKASH,                                    :
         Petitioner,                     :
                                         :
         v.                               :     No.    2:26-cv-5090
                                         :
JOHN RIFE, *Acting ICE Field Office Director*:
Secretary MARKWAYNE MULLIN,                      :
*Secretary of the Department of Homeland*        :
*Security*; Acting A.G. TODD BLANCHE,            :
*Acting U.S. Attorney General*;                  :
Warden J.L. JAMISON, *Warden,*                   :
*Philadelphia Federal Detention Center*;         :
U.S. DEPARTMENT OF HOMELAND                       :
SECURITY; and EXECUTIVE OFFICE                    :
FOR IMMIGRATION REVIEW;                           :
         Respondents.                     :

_____

**O R D E R**

**AND NOW,** this 3rd day of August, 2026, upon consideration of the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, ECF No. 1;[1] the Government's Response in Opposition, ECF No. 6;[2] and for the reasons set forth in this Court's Opinions issued in *Restrepo v. Jamison*, No. 2:25-cv-06518, 2026 WL 141803 (E.D. Pa. Jan. 20, 2026) and *Mirdjalilov v. Federal*

_____

[1]    Petitioner Ram Parkash, a citizen of India, *see* Pet. ¶ 22, ECF No. 1, entered the United States without inspection on or around June 20, 2024, at the northern border, *see id.* ¶ 25. Shortly thereafter, Petitioner was apprehended by immigration officials, placed in removal proceedings under 8 U.S.C. § 1229(a), and released from detention. *Id.* Petitioner was charged with inadmissibility under 8 U.S.C. § 1182(a)(6)(A)(i) for having entered without inspection. *Id.* ¶ 26. Petitioner filed an application for asylum, which remains pending. *See id.* ¶ 25. Since his entrance into the country, processing, and release by DHS, Petitioner has attended regular routine ICE check-ins. *Id.* ¶¶ 25-27. On or about July 21, 2026, Petitioner was taken into custody by immigration officials at a scheduled check-in with ICE in Philadelphia. *See id.* ¶ 27. Petitioner is currently being detained at the Philadelphia Federal Detention center, *id.* ¶ 28, without a bond hearing, *see id.* at ¶¶ 87, 97. Petitioner filed the instant habeas petition, through counsel, on July 21, 2026. He alleges that his detention violates: (1) the Immigration and Nationality Act ("INA"), (2) Bond Regulations, 8 C.F.R. §§ 236.1, 1236.1, and 1003.19, and (3)-(4) Fifth Amendment due process. *See id.* ¶¶ 79-100.

[2]    On July 27, 2026, the Government filed a Response, arguing that the Court should deny habeas relief for the reasons set forth in its responses filed in hundreds of these cases in the Eastern District of Pennsylvania. *See* ECF No. 6. Such responses have argued, *inter alia*, that (1) the petitioner is lawfully detained pursuant to 8 U.S.C. § 1225(b)(2); (2) the detention does not violate Constitutional due process; (3) neither 8 U.S.C. §§ 1252(a), (b)(9), nor (g) strip the Court of jurisdiction; and (4) exhaustion is not required. *See, e.g.* No. 2:25-cv-06518 at ECF No. 7.

1

*Detention Center Philadelphia, et al.*, No. 2:25-cv-07068, 2026 WL 184249 (E.D. Pa. Jan. 23, 2026), which are incorporated in their entireties herein;[3] **IT IS ORDERED THAT**:

1.    The Petition for Writ of Habeas Corpus, ECF No. 1, is **GRANTED in part**,[4] as follows:

    A.    Petitioner Ram Parkash is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2), and instead may be detained, if at all, pursuant to the discretionary provisions of 8 U.S.C. § 1226(a);

    B.    **Within seven (7) days of the date of this Order**, the Government SHALL provide Petitioner with a bond hearing in accordance with 8 U.S.C. § 1226(a); and

    C.    If a bond hearing is not held before an Immigration Judge within seven (7) days, the Government shall immediately RELEASE Petitioner from ICE custody.

2.    The Clerk of Court shall mark this case **CLOSED**.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge

---

[3]    These opinions addressed similar habeas claims and rejected the Government's arguments. These opinions are only two of dozens of analogous cases decided in this District. In a manner consistent with other recent decisions in this District, this Court found that the petitioners' continued detentions without a bond hearing violated the INA and Fifth Amendment due process protections and that such petitioners—*i.e.*, aliens who had been present in the United States for several years leading up to their detention—were not subject to the mandatory detention provision of 8 U.S.C. § 1225(b)(2). The Court also found in these opinions that it has jurisdiction over such actions pursuant to 28 U.S.C. § 2241, that neither 8 U.S.C. §§ 1252(a), (b)(9), nor (g) strip the Court of jurisdiction, and that exhaustion is not required.

[4]    Petitioner's continued detention without a bond hearing violates the INA. As he is entitled to habeas relief on this basis, the Court will not reach the merits of his claims based on violations of bond regulations or due process. Because the petition seeks relief in the form of immediate release, it is granted in part, by first ordering a bond hearing, and then ordering his immediate release if a bond hearing is not timely provided. To the extent Petitioner seeks attorney's fees and costs under the Equal Access to Justice Act ("EAJA"), his request is denied for the reasons set forth in the Opinion issued in *Moreno Ramirez v. Jamison, et al.*, No. 2:25-cv-07346 at ECF No. 15 (E.D. Pa. July 13, 2026), which is incorporated herein.